Amarsingh v. Frontier, Case No. 1:23-cv-01875-GPG-KAS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
11/13/2023
JEFFREY P. COLWELL, CLERK

Case No. 1:23-cv-01875-GPG-KAS

KUSMIN L. AMARSINGH

    Plaintiff,

v.

FRONTIER AIRLINES, INC.

    Defendant.

District Judge Gordon P. Gallagher
Magistrate Judge Kathryn A. Starnella

_____

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS[1]**
_____

    **NOW COMES** Plaintiff Kusmin L. Amarsingh, by Pro Se representation, responding to Defendant, Frontier Airline's Inc. (hereafter Frontier) Motion To Dismiss pursuant to 12(b)(6), and in support thereof states as follows:

**I: CLAIMS:**

    **A) BREACH OF CONTRACT:**

    1. First, this case is about a breach of contract by Frontier Airlines when they knowingly, and intentionally overbooked Ms. Amarsingh's flight to her detriment; Frontier overbooked the flight with more passengers than there were seats and knew that some passengers would be left behind. Most importantly, Frontier Airlines had the ability to prevent this Breach of Contract but chose not to.

    2. Second, when an Airline chooses to overbook a flight, they assume the responsibility of accommodating their passengers lawfully, reasonably, and, in good faith, guided by their Carrier Contract and applicable laws and regulations. Additionally, an Airline must inform its affected passengers by providing notice of the selection criteria and of their rights.

    3. Third, Frontier Airlines denied Ms. Amarsingh from boarding her flight through an unlawful selection process.

    4. Four, Frontier Airlines failed to adequately inform Ms. Amarsingh of the remedies available to her resulting from their breach of contract.

    **B) CLAIM 2: RACIAL DISCRIMINATION**

    1. After Frontier breached their contract with Ms. Amarsingh, they then denied her priority travel by relying on unlawful selection criteria; Ms. Amarsingh checked in to her flight first, arrived at the gate first, and Frontier knew her travel was more complex than the other passengers. There were no other flights from Philadelphia to St. Louis for 7 days, a fact Ms. Amarsingh learned when the Agents first announced that they were overbooked.

---

[1] Plaintiff adopts all facts and law previously asserted in her original complaint to this Response.

2. Frontier did have another direct flight from Philadelphia to Orlando 1 hour later at the same gate. Frontier deliberately and knowingly approached and selected African American passengers and escorted them to the front of the line for boarding. The reasonable conclusion, considering all facts and circumstances, is that Ms. Amarsingh was denied boarding because she was not African American.

3. Assuming arguendo, that Frontier's assertion is true, and they did make a plausible determination to Board certain groups to keep them together, they had an obligation to inform Ms. Amarsingh of that determination, which they did not.

4. Frontier disregarded any lawful, reasonable, appropriate, or, common sense approach to the selection criteria; and then, humiliated Ms. Amarsingh for trying to assist. Ms. Amarsingh was not, as Defense asserts, trying to take a seat away from someone, rather, she was trying to make sure everyone had a seat, and with the least disruption to their travel, including her own.

## LAW[2] / ARGUMENT

1. Plaintiff must only satisfy simple pleading requirements of Fed. R. Civ. P. 8(a) to survive a motion to dismiss; Plaintiff must only set forth short and plain statement of the claim(s) showing that she is entitled to relief, and need only give respondent fair notice of the nature of the claim and petitioner's basis for it; given Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. PSA, Inc. v. P.R. Tel. Co., 336 F. Supp. 2d 173, 2004 U.S. Dist. LEXIS 21407 (D.P.R. 2004). Plaintiff need not cite proper statute for relief in her pleading nor a statement of her legal theory. *See* Northrop v. Hoffman of Simsbury, Inc., 134 F.3d. 41, 39 Fed. R. Serv. 3d et al. USCS Fed Rules Civ Proc R 8.

2. Frontier Airlines requests dismissal because Frontier can come up with a plausible explanation other than race for leaving Ms. Amarsingh behind. That standard puts Rule 8(a) on its head. Ms. Amarsingh pleads facts to support her allegation that Frontier racially profiled her by disregarding all lawful selection criteria, confirming that she was not African American by calling her and another Indian passenger to the front desk, then, proceeded to hand-select only African American passengers from the waiting area, leaving all the non-African American passengers behind to fend for themselves. *The one mixed-race gentleman was called to the front desk and provided some information outside the earshot of the other passengers just before he departed the Airport.*

3. Frontier also states that Ms. Amarsingh's racial discrimination claim is all in her head (based on speculation). No it is not; it is in Frontier's computer preserved for this Court to examine, and, to determine the truth. An examination of the check-in roster, security-check timestamps, video footage, itinerary, testimony by the other bumped passengers, and race of the passengers boarded vs. those bumped, will support Ms. Amarsingh's claims that she was discriminated against based on her race.

4. Frontier provided its Carrier Contract and directed this Court's attention to Section 18 which states: *Involuntary denial of accommodation: If insufficient passengers volunteer, passengers who cannot be accommodated on the flight will be denied boarding and Frontier will provide transportation on a Frontier flight to the same destination.*

---

[2] Australian Law: my apologies to the Court and opposing Counsel on this embarrassing error if I misguided either.

Amarsingh v. Frontier, Case No. 1:23-cv-01875-GPG-KAS

      5.  Ms. Amarsingh respectfully directs the Court's attention to the following excerpts of the Defendant's contract which demonstrates that Frontier violated its own covenant of good faith and reasonableness.

*Section 8(B). Tickets.  Tickets are honored <u>only</u> in the order in which they are issued.*

*Section 18(A)(B)(C):  Denied Boarding Compensation (A) Voluntary – passengers on a flight with an overbooking will be encouraged to voluntarily relinquish their seats in exchange for alternate travel…(B) Involuntary: (see above) (C) Amount of Compensation – which provides a formula for determining compensation rates based on inconvenience of the passenger by considering arrival times, length of delay etc.*

*Section 18(E):  Involuntary Denied Boarding:  A passenger may accept or deny compensation offered in exchange for being bumped and negotiate further with the Airline.*

      6.  The Department of Transportation (hereafter DOT) regulates Air Travel to ensure fair and safe accommodation and transportation.  In so doing DOT provides the procedures that Airlines MUST follow in instances of overbooking.   *See* attached Bumping & Oversales | US Department of Transportation.

*<u>Involuntarily Giving Up Your Seat (Bumping)</u>: Sometimes, when an airline asks for volunteers to give up their seats and fly on a different flight, there are not enough volunteers.  When this occurs, the airline will select passengers to give up their seats.  This is called "involuntary denied boarding" or "bumping."*

*<u>How does an airline determine who has to give up their seat?</u>  While it is legal for airlines to involuntarily bump passengers from an oversold flight when there are not enough volunteers, it is the airline's responsibility to determine its own <u>fair</u> boarding priorities. If there are not enough passengers who are willing to give up their seats voluntarily, an airline may deny you a seat on an aircraft based on criteria that it establishes, such as the passenger's check-in time, the fare paid by the passenger, or the passenger's frequent flyer status.  However, the criteria cannot subject a passenger to any unjust or unreasonable prejudice or disadvantage.  For example, an airline could not lawfully use a passenger's race or ethnicity as a criterion.*

*<u>Do airlines have to tell me my rights when I'm involuntarily bumped?</u>  Yes.  DOT requires airlines to give all passengers who are bumped involuntarily a written statement describing their rights and explaining how the carrier decides the selection criteria for who gets bumped.*

      7.  Frontier Airlines intentionally disobeyed and disregarded all laws of logic, common sense, their own contract, the Federal Guidelines, and, commonly held notions of fairness and reasonable standards.  They intentionally withheld notice of rights from Ms. Amarsingh, and subsequently harassed her when she tried to learn them.

## CONCLUSION

      1. The Defendant's motion to dismiss is unresponsive to the clearly outlined facts in Ms. Amarsingh's complaint.  The issue was never whether she had a regular contract with Frontier Airlines, the issue was whether Frontier failed in their duty to provide her with fair and reasonable accommodation because of their breach.  The facts are the facts, and Defense can very easily determine the truth of the assertions here by following its own trail of records, and, by upholding the terms of their Contract of Carriage provided to the Court.

Amarsingh v. Frontier, Case No. 1:23-cv-01875-GPG-KAS

2. To speak plainly, Ms. Amarsingh has stated sufficient facts, based on reasonably available evidence in the Defendant's control, which will substantiate her claims.

3. As to the Defense's inquiry regarding Ms. Amarsingh's Pro Se representation, she has never practiced in Federal District Court, and for judicial economy would ask that the Court permit some leniency in procedural aspects of her case. She has no objection as to treatment on the pleadings and legal standards. As to damages and relief, she request attorneys' costs and fees.

4. As to the Defense categorizing Ms. Amarsingh as a 'Stand-by' passenger, they are wrong. A Standby passenger is boarded subject to availability of seat space at departure time and only after all passengers having confirmed reservations for the flight have been boarded. The distinction is Ms. Amarsingh had a confirmed reservation, therefore she was a 'bumped' passenger not on standby. See Frontier Airlines Carrier Contract, Page 1, Section 2 Definitions at I.

5. Finally, this experience has caused Ms. Amarsingh great emotional distress both because of her own treatment by Frontier and witnessing the treatment of other passengers. Considering Ms. Amarsingh's 16 plus years of military service, she has a deep sense of responsibility to assist others. She saw something, tried to do something about it, and continues to do so. This Court should as well.

## RELIEF/DAMAGES

**WHEREFORE**, Ms. Amarsingh hereby renews her request for Summary Judgement on both claims. However, if the Court is not so inclined to grant summary judgement on Ms. Amarsingh's Racial Discrimination Claim, she respectfully asks that this Court grants Summary Judgement as to Claim 1 for Breach of Contract, and award half the requested damages in compensation, emotional distress, costs, and, fees.

## CERTIFICATE OF SERVICE

I, Kusmin L. Amarsingh, the Plaintiff in this action, do hereby certify that I have electronically filed this response with the United States District Court for the District of Colorado via email to the Clerk of Court, and that I have served a copy of the same to Frontier Airlines' attorney, Mr. Brian Maye via electronic mail on November 12, 2023.

Kusmin L. Amarsingh
Plaintiff
4 Shady Lane Dr.
Mary Esther, FL 32569
Email: lindaamarsingh@gmail.com
Tel: 862-201-1305