IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-01875-GPG-KAS

KUSMIN L. AMARSINGH

    Plaintiff,                                   Hon. Gordon P. Gallagher

v.

FRONTIER AIRLINES, INC.,

    Defendant.

**DEFENDANT FRONTIER AIRLINES, INC.'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS WITH PREJUDICE**

Defendant, Frontier Airlines, Inc. ("Frontier"), by its undersigned counsel, hereby files this Reply in support of its Rule 12(b)(6) Motion to Dismiss, and in support thereof states as follows:

## I. INTRODUCTION

In her Response to Frontier's Rule 12(b)(6) Motion to Dismiss, Plaintiff asserts that she has a valid claim for breach of contract because Frontier overbooked her flight and denied her boarding. These arguments only support Frontier and demonstrate why Plaintiff's claim fails as a matter of law, as the Contract of Carriage permitted Frontier to deny her boarding if her flight was oversold.

Plaintiff's inability to establish an infringement of her contractual rights further forecloses her ability to recover under 42 U.S.C. § 1981, as she cannot show an "actual loss of a contract" or interference with a protected activity under a contract. *See Shawl v. Dillard's Inc.,* 17 F. App'x 908, 911-12 (10th Cir. 2001). Moreover, Plaintiff's assertion that a "mixed-race gentleman" was denied boarding undermines her overarching theory that Frontier discriminated against her by providing preferential treatment to African Americans. Indeed, Plaintiff's own allegations reveal

that she was denied boarding for race-neutral reasons. Because allowing Plaintiff to amend her Complaint would be futile, this Court should grant Frontier's Motion and dismiss Plaintiff's claims with prejudice.

## II.　ARGUMENT

### A.　Plaintiff fails to identify a breach of any terms in the Contract of Carriage.

Plaintiff asserts she must "only satisfy [the] simple pleading requirements of Fed. R. Civ. P. 8(a) to survive a motion to dismiss." However, the "short and plain" requirement under Rule 8(a) does not mean a complaint can survive without alleging essential facts. While courts accept as true all well-pleaded facts in the complaint, they do not assume the truth of conclusory allegations. *Brooks v. Mentor Worldwide LLC,* 985 F.3d 1272, 1281 (10th Cir. 2021).

In its Motion to Dismiss, Frontier pointed to language in the applicable Contract of Carriage expressly stating that "published schedules" and "flight times" and "seat assignments" were not guaranteed and formed no part of the Contract. Dkt. 22 at 5, Ex. A, Section 17, p. 20. Frontier cited additional sections of the Contract, providing that Plaintiff was entitled to transport on the next available flight on which space was available and establishing the terms for financially compensating a passenger who is involuntarily denied boarding. Dkt. 22 at 5-6. Further, Frontier argued that Plaintiff failed to show how Frontier breached its contract given that Plaintiff admits she declined Frontier's offered flight accommodation and financial compensation and chose to fly with a different airline to accommodate her own specific scheduling needs.

In her response, Plaintiff ignores the points raised by Frontier and quotes an inadmissible document purportedly prepared by the Department of Transportation ("DOT") on the topic of "bumping" passengers from overbooked flights. Dkt. 24-1. Even if this document were appropriate

2

for taking judicial notice (it is not), the sections cited by Plaintiff only support Frontier's arguments and support its right to deny her boarding.

Although Plaintiff's Complaint reflects that she did not purchase a seat assignment, she maintains she was a "bumped" passenger rather than a "standby" passenger because she had a confirmed reservation. Dkt. 24 at 4. This is a distinction without a difference for Plaintiff's purposes. Assuming *arguendo* that Plaintiff was "bumped" from her flight and was not classified as a "standby" passenger, the DOT standards cited in her Response do nothing to show how Frontier failed to honor its contractual obligations. Plaintiff asserts that after she was bumped from her flight, Frontier "intentionally withheld notice of rights," but she points to nothing in the Contract establishing that Frontier owed such an obligation and alleges no facts in her Complaint to support her conclusory allegations.

The true impetus for Plaintiff's Complaint is revealed in her assertion that "Frontier knew her travel was more complex than the other passengers." Dkt. 24 at 1. Plaintiff's primary grievance is that she was not provided preferential treatment over the other passengers due to her "more complex" travel schedule. However, Frontier's contractual obligations did not include catering to Plaintiff's specific scheduling needs. That Plaintiff was merely inconvenienced does not give rise to her asserted causes of action.

**B.    Plaintiff's racial discrimination claim still fails as a matter of law as Plaintiff cannot refute Frontier's race-neutral explanation for its actions.**

A discrimination claim brought under 42 U.S.C. § 1981 is rendered implausible if the complaint identifies an "independent, non-discriminatory reason" for the alleged discriminatory conduct. *Mohsen Sharifi Takieh v. Banner Health*, 515 F. Supp. 3d 1026, 1035 (D. Ariz. 2021); *Astre v. McQuaid*, 804 F. App'x 665, 667 (9th Cir. 2020); see also *Domino v. Kentucky Fried Chicken*, 2020 U.S. Dist. LEXIS 182265 (N.D. Cal. Oct. 1, 2020).

Here, Frontier has identified multiple legitimate, non-discriminatory reasons for its decision to deny Plaintiff boarding: (1) the flight was overbooked, and Plaintiff did not pay to receive a seat assignment; and (2) Frontier endeavors to keep passengers together who are flying in groups. Dkt. 22 at 10. Instead of attempting to refute Frontier's reasonable explanations for denying her boarding, Plaintiff merely reiterates her conclusory allegations from her Complaint that Frontier "racially profiled her" by "confirming she was not African American," and then "hand selected only African-Americans…to board, leaving all the non-African Americans passengers behind to fend for themselves." Dkt. 24 at p. 2.

Not only are Plaintiff's racial profiling allegations pure conjecture, but they do not give rise to a claim of intentional racial discrimination. Moreover, Plaintiff's claim that she was racially profiled is contradicted by her allegations as to who was denied boarding. As alleged in Plaintiff's Complaint, in addition to another woman of "Indian descent," the passengers who were denied boarding possessed the following racial characteristics:

> Among the people waiting for seat assignments were approximately six passengers, who either were or appeared to be Hispanic, one male passenger, who was or appeared to be White, and a gentleman who was or appeared to part of African American. Additionally, there was an apparent Asian woman traveling with a child, accompanied by a white female. Dkt. 14 at p. 5.

Of these individuals, only the Asian woman traveling with a child was allowed to board the flight – in addition to the family of 8-10 African Americans. Thus, viewing Plaintiff's allegations in the most favorable light, the makeup of the involved passengers was as follows:

- Permitted Boarding: 8-10 African Americans, 1 Asian adult, and one child

- Denied Boarding: 6 Hispanic individuals, 2 Indian individuals, 2 Caucasian individuals, and 1 "mixed race" or "partially" African American individual

Plaintiff can state no plausible claim for racial discrimination under these facts, which establish only that she was among a racially diverse group of passengers who were denied boarding

pursuant to the terms of their Contracts of Carriage. This Court should dismiss Plaintiff's claim for racial discrimination – with prejudice – because she cannot show that Frontier intentionally discriminated against her based on her race, and that the alleged discrimination was the "but-for" cause of her failure to receive a seat assignment. *See Comcast Corp. v. National Association of African American-Owned Media*, 140 S. Ct. 1009, 1019, 206 L. Ed. 2d 356 (2020).

### III. CONCLUSION

For the foregoing reasons, Frontier Airlines, Inc., respectfully requests that this Court enter an Order dismissing the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), and for such further relief as this Court deem just and reasonable.

Respectfully submitted this 29th day of November, 2023.

/s/ Brian T. Maye
Brian T. Maye
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Phone: (312) 345-0700
Email: bmaye@hinshawlaw.com

**Attorneys for Defendant,
Frontier Airlines, Inc.**

6

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2023, I caused the foregoing to be electronically filed with the United States District Court for the District of Colorado using the CM/ECF system.

/s/  Brian T. Maye

61560\315430987.v1