IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01875-GPG-KAS

KUSMIN L. AMARSINGH,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Plaintiff's **Motion for Appointment of Counsel** [#26][1] (the "Motion"). Plaintiff's Complaint against Defendant Frontier Airlines, Inc. asserts two claims: (1) breach of contract; and (2) racial discrimination in violation of "The Racial Discrimination Act of 1975." *Fifth Amend. Compl.* [#14] at 3-4.

    The Court does not have the power to appoint an attorney without his or her consent, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff if the Court determines in its discretion that it is appropriate to do so. The Clerk of the Court maintains a list of pro se cases for which the Court is seeking volunteer counsel. Placement on this list does not mean that a plaintiff will automatically

---

[1] "[#26]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

receive counsel. Rather, placement on the list results in representation being secured for the plaintiff only if an attorney <u>volunteers</u> to represent him or her. Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of their case on the list, a pro se plaintiff remains responsible for litigating his or her case themselves.

The Court will only seek volunteer counsel for a pro se plaintiff if consideration of the following factors so warrants: (1) the nature and complexity of the action; (2) the potential merit of the pro se party's claims; (3) the demonstrated inability of the pro se party to retain counsel by other means; and (4) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). As part of the fourth factor, the Court also considers whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated her ability to frame facts and state claims for relief through the pleadings and motions she has filed. The legal issues presented are not overly complex, novel, or particularly difficult to state or analyze. The fact that Plaintiff, who is herself an attorney, has no experience practicing in federal court and cannot afford to hire an attorney because of her financial situation, *see* [#26], have made it difficult for

her to obtain representation does not, by itself, warrant the need for volunteer counsel. Although mindful of the difficulties faced by pro se parties, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel. *See, e.g.*, *Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e] to license compulsory appointments of counsel[.]"); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (noting that the court lacks statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant).

Plaintiff argues that the claims here "are of the utmost importance" and that the "claims affect millions of Americans and Frontier's rational for their motion to dismiss [Plaintiff's] claims is that [she] was merely inconvenienced and not discriminated against and that they followed their carrier contract." *Motion* [#26] at 2. Although there are extraordinary circumstances where fundamental due process concerns may demand that a plaintiff be provided with counsel, the Court finds that this Plaintiff's particular circumstances do not merit the appointment of counsel in this case.

Plaintiff chose to bring this civil action voluntarily knowing the limitations she would face due to her lack of experience in this forum. To the extent that Plaintiff believes that she cannot bear the responsibility at this time, she may voluntarily dismiss her case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff's legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

Accordingly, based on the foregoing and the entire record in this case, it is hereby **ORDERED** that Plaintiff's Motion [#26] is **DENIED without prejudice**.

The Court notes that the Federal Pro Se Clinic provides **free** legal assistance to people representing themselves in the U.S. District Court for the District of Colorado. The Clinic is located at: Alfred A. Arraj Courthouse (first floor), 901 19th Street, Denver, CO 80294. Pro se litigants are **strongly encouraged** to contact the Federal Pro Se Clinic at **303-380-8786** to make an appointment to speak with a lawyer. Pro se litigants may also make an appointment online (and find additional information) at **www.cobar.org/fpsc/**. The Court notes that Clinic attorneys **cannot** provide representation to pro se litigants and **cannot** appear at hearings on behalf of pro se litigants. Clinic attorneys may help pro se litigants to prepare complaints and responsive pleadings, provide assistance with other common pleadings, answer procedural questions, and explain legal concepts. Though Plaintiff is a lawyer, because she is representing herself and is unfamiliar with litigating in this forum, *see Motion* [#26] at 1, she may be able to obtain guidance from the Federal Pro Sec Clinic.

Dated: December 19, 2023        BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge