FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
*11:13 am, Sep 03, 2024*
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

KUSMIN L. AMARSINGH

      Plaintiff,

v.     Civil Action No. 23-cv-01875-GPG-KAS

FRONTIER AIRLINES, INC.,

      Defendant.

_____

### PLAINTIFF OBJECTIONS

### TO MAGISTRATE AMENDED ORDER AND RECOMMENDATION

_____

**COMES NOW** Plaintiff, Kusmin L. Amarsingh, by invitation of the Court, makes the following objections to the Magistrate's Amended Order and Recommendation dated 8/20/2024, and in support thereof states as follows:

As the Court stated, Plaintiff must show:  1) She is a member of a protected class; 2) Defendant intended to discriminate against her based on race; and 3) The discrimination interfered with a protected activity.  (*Ref. Order @ page 8, line 12*).  The Magistrate's Order found that Plaintiff plausibly alleged that she is a protected class member – a woman of Indian Descent.  (Ref. Order @ page 9, line 67) and implied that Plaintiff met Element 3 that she her allegations go to certain protected activities including the fundamental right to travel and to contract free of discrimination.

The Court found that Plaintiff failed Element 2:  That Defendant intentionally discriminated against her based on *her* race'.  As a result, the following objection(s) are specific to Element 2.

## LEGAL STANDARD

In deciding a Motion to Dismiss under Rule 12(b)(6) the Court must weigh ALL factual allegations contained in Plaintiff's Complaint against the Defendant's motion to dismiss under a 'plausibility standard'.  <u>Brokers' Choice of Am., Inc. v. NBC Universal, Inc.</u>, 757 F.3d 1125, 1131 (10th Cir. 2014) holding that 'a Plaintiff does not need detailed factual allegations, however, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  A claim has facial plausibility when the plaintiff pleads factual content, allowing the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Factual allegations must be enough to raise the right to relief above the speculative level.'  Id; <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 662, 129 S. Ct. 1937, 1939 (2009).  A claim is plausible when Plaintiff pleads **<u>factual content</u>** that allows the court to draw the reasonable inference that Defendant is liable for the misconduct alleged. Id. <u>Snow v. DirecTV, Inc.</u>, reiterated that all facts set forth in a plaintiff's complaint must be accepted as true, and a complaint should not be dismissed unless the plaintiff can prove no set of facts that would support the claims.  <u>See</u> <u>Snow v. DirecTV, Inc., 450 F.3d 1314</u>.

The Plaintiff can allege either direct facts showing discrimination or indirect facts that give rise to a <u>plausible inference</u> of discrimination.  <u>Doherty</u> (2d Cir. Sep. 27, 2022).  The plausibility

standard is not akin to a probability requirement, nor does Plaintiff have to establish a prima facie case of discrimination at the pleading stage. <u>Myers v. Doherty</u>, No. 21-3012-cv, 2022 U.S. App. LEXIS 26982 (2d Cir. Sep. 27, 2022). <u>Vega v. Hempstead Union Free Sch. Dist</u>. further clarifies that a plaintiff does not need to plead a prima facie case under the McDonnell Douglas framework to defeat a motion to dismiss. <u>Vega v. Hempstead Union Free Sch. Dist</u>., 801 F.3d 72 (2d Cir. 2015). The deference given to a Plaintiff at the motion to dismiss stage is rooted in the requirement to allege <u>sufficient facts to make a claim plausible, rather than proving the claim outright</u>. *Id*. This ensures that plaintiffs can present their case and gather evidence through discovery before being required to meet the higher burden of proof necessary at later stages of litigation. *Id.*

In <u>Katib v. USF Holland LLC, 640 F. Supp. 3d 788</u>, the court emphasized the importance of providing specific factual context to support allegations of discrimination, such as identifying comparators who were treated differently under similar circumstances <u>Katib v. USF Holland LLC, 640 F. Supp. 3d 788</u>. This approach aligns with the general requirement that a plaintiff must show they were treated less favorably than individuals outside their protected class to establish a prima facie case of discrimination <u>Marria v. MV Transp. Inc., 2018 U.S. Dist. LEXIS 242351</u>.

Therefore, even if the Defendant denies the allegations, the plaintiff must still meet the burden of establishing a prima facie case of discrimination, and the Defendant can counter by providing legitimate, nondiscriminatory reasons for their actions. The court will then determine if the plaintiff can show that these reasons are pretextual. <u>Gulley v. County of Oakland, 496 Fed. Appx. 603</u>, <u>Katib v. USF Holland LLC, 640 F. Supp. 3d 788</u>, <u>Marria v. MV Transp. Inc., 2018 U.S. Dist. LEXIS 242351</u>.

The United States Supreme Court has held that 42 U.S.C.S. § 1981 phrase "as is enjoyed by white citizens" applies to all persons 'including white persons' because, the Court explained, it could not accept the view that the terms of § 1981 exclude its application to racial discrimination against white persons. § 1981 is clarified by an examination of the legislative history, which suggests that the statute applies to every race and color. Rajaram v. Meta Platforms, Inc., 105 F.4th 1179, 1181 (9th Cir. 2024). In its 10-page analysis of the history of the phrase 'white person,' the Court rejected the position that the term 'as white persons' as a floor of measurement for discrimination would necessarily mean that a white person cannot claim discrimination. Id.

## ANALYSIS

Plaintiff did state sufficient factual allegations for a court to plausibly find that Defendant intentionally discriminated against her, though unartfully so, due in part to her limited experience and resources at the time of filing. In the instant case, Plaintiff respectfully argues that the Magistrate appears to have left off crucial facts from her analysis and recommendations, which are itemized below:

1. FACT 1: CHARACTERIZATION OF RACIAL DISCRIMINATION (Order @ Page 10, line 7): The Magistrate's Order states that the passengers who were not selected were '*diverse*' which demonstrates there was no discrimination against Plaintiff because she appeared to be of Indian Descent and the other passengers were NOT of Indian Descent. I respectfully object to this mischaracterization of Plaintiff's complaint.

The racial discrimination distinction is not that everyone discriminated against was of "Indian Descent" as the Court and Defense states. Plaintiff contends that she was not provided a seat because she was "NON-AFRICAN AMERICAN".

The critical fact in Plaintiff's complaint is that *only African American passengers were selected to board to the detriment of the passengers who were NOT African American*. To illustrate further, imagine there was a group of people, and the agents drew a line and said only White people get in this line and all others sit down and wait. Then the agents said only white passengers could get on the flight, and the other non-White passengers were left without any guidance or assistance. Next, the agents misled the non-White passengers and assured them they were working on seating additional passengers when in fact the flight had departed 45 minutes before.

As a result, it did not matter if the other passengers were diverse or not of Indian descent, what mattered was Plaintiff was not a member of the preferred race. (*See* Plaintiff Complaint, page 6, lines 23, 32; page 7, line 11; page 7, line 38; page 9, lines 20-26). These factual allegations are not mere labels or conclusory statements prohibited under Iqbal and its progeny. As a result, Plaintiff objects to the Order stating otherwise.

The Order states that both groups were 'diverse' the one that was boarded and the one that was not. Defense motion similarly argues that Plaintiff and the remaining passengers were diverse and that at least one "White male" was also left behind. In other words, Defense argues that Plaintiff experienced the same, acceptable discrimination as the White person so therefore she was not discriminated against. Such a reading is inconsistent with our Supreme Court's recent option Rajaram v. Meta Platforms, Inc. Adopting this 'diverse' group including a 'white person' as the standard to measure Plaintiff's claim not only means white people are barred from claiming

Page 5 of 16

discrimination, but also that Plaintiff may never claim discrimination if other races are also discriminated against.

Next, Defendant argues that they boarded the Asian child and her adult companion, who were non-African American, therefore this proves they raced neutral selection criteria to seat groups. This argument fails because boarding the Asian minor and the Asian woman has no bearing on the Plaintiff's complaint.  In this instance, the Defendant did exercise a non-race-based determination because there was an unaccompanied minor, and that was therefore reasonable and warrants the Court's inference.  However, at issue is the lack of race-neutral selection of the other passengers that were bumped.

Furthermore, this fact proves that Frontier could therefore apply objective standards but chose not to when it came to the other remaining passengers.

2. <u>FACT 2:  Omitted Facts:  Flights Available:</u>  The Order does not mention or refer to Plaintiff's alleged facts, contained in her Complaint that there was another direct flight leaving the same gate less than 30 minutes direct to Orlando that could accommodate the African American passengers and that the next available flight for Plaintiff was a week later.  (*See*:  Plaintiff Complaint, page 3, page 9).  Furthermore, the Defense denied the allegation that the next available flight was a week later with nothing more only that Plaintiff was mistaken.  Defendant did not provide a schedule or allege any fact to rebut Plaintiff's factual allegation.  Defendant is not entitled to deference or the inference that Plaintiff's alleged flight schedule was untrue at this stage.  Instead, following the <u>Gulley v. County of Oakland</u>, and <u>Katib v. USF Holland</u> procedure, when the defendant denies the Plaintiff's factual allegation, the Court must then ask, "Could the Plaintiff prove this fact after discovery or at a later trial.  If she can, Defendant's motion to dismiss on this

basis is improper. Granting it would reduce the importance of ensuring a well-pleaded complaint. As the Court points out, the Plaintiff is limited to what she has alleged in her Complaint, and nothing more. The Court may in limited instances consider additional evidence, but here the Court applied a strict interpretation and did not consider her response to the Defense motion to dismiss or the Plaintiff's request to consider supplemental evidence of the Defendant's flight schedule.

The result of not considering this allegation, which was contained in Plaintiff's complaint, resulted in the Court's inference that Defendant had a <u>reasonable</u> race-neutral basis for their seating criteria and is therefore not entitled to the Court's inference of one. Plaintiff respectfully disagrees – Plaintiff's blanket denial of a known fact in their control was markedly unreasonable.

*In the interest of judicial economy and fairness, Plaintiff respectfully requests that this Court consider Defendant's flight schedule as published as true in the US Bureau of Flight Statistics. This evidence is not 'new or external evidence', rather it explains Plaintiff's factual allegations that there were additional flights and rebuts Defendant's denial of the same.*

*After Defendant filed its Motion to Dismiss, Plaintiff learned that there was not one, but* **2 additional flights** *leaving that gate within less than 2 hours from Plaintiff's flight direct to Orlando. Later still, Plaintiff learned that there was a total of* **35 flights** *from Philadelphia to (Orlando) MCO, two of which were scheduled the same evening as the flight at issue – one within about 30 minutes after departure and the other less than 2 hours after Plaintiff's flight. From 14 June to 23 June 2023, there were 33 additional flights from Philadelphia to MCO. The ONLY other flight that could accommodate Plaintiff and the other St. Louis passenger of Indian Descent was on 23 June 2023. (See Highlighted Plaintiff Supplemental Evidence and Attachment 1, Frontier Flight Schedule 13 June to 23 June 2023;* Plaintiff Complaint, page 3, page 9.

Page 7 of 16

This evidence goes to Plaintiff's claim 2 because it proves, by independent reliable evidence, that there were two other flights available to accommodate the chosen passengers, but only one flight a week later to accommodate Plaintiff and the other St. Louis passenger. By not considering this evidence, the Court erroneously found that Frontier had a reasonable race-neutral basis for the priority seating of the bumped passengers. Plaintiff respectfully requests that the Court consider this evidence in the interest of fairness and judicial economy.

This supplemental evidence is reliable self-authenticating evidence. <u>See</u> Bureau of Transportation Statistics, <u>Detailed Statistics Departures (www.bts.gov)</u>, August 29, 2024. This evidence provided, pre-discovery, weighs in favor of the truth of Plaintiff's factual allegations rather than relying on what may be viewed as self-serving facts. As a result, Plaintiff respectfully requests that the Court consider this evidence in its de novo review. Plaintiff respectfully requests that the Court direct its attention to Plaintiff's supplemental evidence that:

3. <u>FACT 3: OBJECTIVE FACTORS FOR PRIORITY SEATING</u>: The Magistrate's Order omitted the facts that Plaintiff paid substantially more for her flights, arrived earlier than the non-African American passengers, and checked in hours before the African American passengers who were selected.

These factors are objective <u>legal</u> factors that Frontier could have considered, but they did NOT. Instead, the agents ignored all these factors and relied on the race of the passengers, again African American vs. Non-African American. These facts weigh against the Court's finding that the Defendant had some reasonable alternative reason for the selection process of who would or would not be seated. (<u>See</u>: Plaintiff Complaint, page 5, 6 and 10; *See* also Supplemental Evidence,

page 9). Plaintiff also note that the Magistrate mentioned, by did not analyze the fact that the Agents mocked the other Indian passenger's strong Indian accent.

To direct the Court's attention to a common character, imagine that the Agent sounded like the character 'Apu' from the Simpsons.  His mocking was directed at Plaintiff and the other Indian passengers as they stood before him in a crowded airport and while determining the seating criteria for the bumped passengers.  Race and national origin were a major factor in the Defendant's intentional selection criteria for seating.  Plaintiff respectfully objects to the Defense and Magistrate's order classifying the Defendant's behavior as merely rude or dismissive.

The Court declined to consider the Defendant verifying her and the other Indian passenger when they called them both to the Agent's desk where the names are unique 'Chaudry (sic) and Amarsingh'.  Considering all that had occurred previously, and the lead agent saying nothing but having both passengers stand directly in front of him, proceeding to annotate the flight roster, and then sending the two passengers back to their seats when taken together is entitled to deference. What purpose then was the annotation – if they did take notice of the two passengers' flight (without regard to race in any way) they would have seated them because they both had more complex travel that could not be reasonably and readily accommodated.  Furthermore, Plaintiff alleged that the other Indian passenger told the agents that she was traveling on an international flight and her destination from India was St. Louis, Missouri.

When taken together Defendant is not entitled to a reasonable inference that this act was race neutral.  On these facts, it is understandable why the Court declined to adopt this fact, however, that is not the standard.  Plaintiff is limited in her allegations, which when taken as true, plausibly support her allegation that 'Defendant intended to discriminate against her'.

4. FACT 4: PLAINTIFF ADDRESSED AGENTS BEFORE DURING AND AFTER THE BOARDING PERIOD (page 9, line 19): The Magistrate's Order states that the Plaintiff only addressed her flight and connection through St. Louis with the Agents AFTER the African American passengers were boarded and gates closed. Plaintiff's complaint alleges that she approached and spoke to the Agents about her flight and requested a seat at least three times BEFORE the selection of passengers was made. In addition, Plaintiff stated that she wished to '**again**' impress upon the Agents her flight and the availability of the other flight to MCO. The word 'again' taken in the full context of all the other times Plaintiff alleged she approached or attempted to speak with the Agents, is sufficient to demonstrate that she did not only raise the issue AFTER the African American group boarded. (*See* Plaintiff's complaint @ page 6, paragraph 8). Notably, this information was already available to the Agents. Therefore, even if Plaintiff never spoke to the Agents, they had a duty to act reasonably.

Stating that Plaintiff only raised these issues AFTER the boarding process paints a very different picture. Specifically, the Magistrates misstatement of this fact suggests that the Agents were not aware of the Plaintiff's issues because she never brought it to their attention in a timely manner. In the common parlance of our profession, the Magistrate's Order makes it seem like the Plaintiff 'acquiesced by failing to object' which is not the case here. (*See* Plaintiff Complaint, page 5 – 9).

Furthermore, Plaintiff alleged that the flight departed at least 45 minutes BEFORE Defendant updated the Monitor. This amounts to deceptive and unfair trade practices under the Department of Transportation Regulation, 49 USCS § 41712, Unfair and deceptive practices. The

Page 10 of 16

Agents continued to assure the Plaintiff and the other remaining passengers that they were working on getting them seats. (*See* Plaintiff Complaint, page 6, line 36).  This is a crucial fact because, as the Magistrate did here, leaving this fact off makes it appear as if the Plaintiff knew the boarding process was complete, that no more seats were remaining, and, that the flight had already departed.  This is a critical fact that substantially changes the analysis and outcome of the Magistrate's findings.

5. FACT 5: <u>MISSTATED REASON FOR TRAVEL Page 11, line 8:</u>  The Magistrate's Order failed to state the complete reasons for Plaintiff's travel.  Plaintiff was in Philadelphia for a funeral celebrating the untimely death of a close loved one.  The Magistrate addressed emotional damages based only on Plaintiff missing her grandson's birth announcement and not the death, which together with the rest of the Magistrate Order and omitted facts does not adequately present all the facts in Plaintiff's complaint further.  (*See* Plaintiff Complaint, page 4).  While this fact does not have any bearing on the Defendant's discriminatory intent, it does provide the Court with the context of why we are here.  Defendant is under an obligation to consider objective factors in seat assignments – they did not. In addition to stating factual allegations in the Complaint, Plaintiff must also allege harm and request relief that could be granted.

6. FACT 6: <u>INFERENCE 'BUT FOR TEST'</u>:  The Magistrate stated that Plaintiff failed to demonstrate that but for her race, she would have been selected for the flight.  Considering **all** the facts and circumstances Plaintiff has demonstrated that if she were African American, she would have been boarded which is the same as 'But for not being African American Plaintiff would have been boarded on the flight'.

Page 11 of 16

7. FACT 7: 'DEFENDANT DID NOT PROVIDE OR PUBLISH THEIR PRIORITY SELECTION PROCEDURES': When an airline overbooks a flight, the determination of which passengers should be seated or not is governed by both federal regulations and the airline's own boarding priority rules. The boarding priority rules typically include considerations such as the severity of hardship that would be caused by denying boarding to certain passengers, such as those who are physically handicapped or unaccompanied minors, and the fare class of the ticket purchased. For example, United Airlines' boarding priorities, as outlined in Domestic General Rules Tariff No. DGR-1, Rule 245, prioritizes passengers who are physically handicapped or unaccompanied children, followed by those who have paid full fare for First Class, Business Class, or Coach OPPMANN v. UNITED AIRLINES, INC., 1986 U.S. Dist. LEXIS 27438.

Additionally, **airlines are required to file their priority rules** with the Department of Transportation and adhere to them. In Karp v. North Central Airlines, 583 F.2d 364 (7th Cir. 1978), this court held that § 404(b) created an implied private right of action for passengers of a domestic airline who were bumped due to a failure of the airline to follow its own boarding priority rules. Similarly, in Nader v. Allegheny Airlines, the court recognized the necessity of non-discriminatory priority rules to prevent arbitrary or discriminatory bumping of passengers Nader v. Allegheny Airlines, 426 U.S. 290.

Here Defense argued and Order agreed that Frontier had some other non-race-based priority boarding procedure, however, that inference is misplaced. The facts are to be taken as true and, in the light, most favorable to the Plaintiff. Rather than attempting to cure the breach and Board the passengers according to the availability of flights or any of the objective basis previously discussed by Plaintiff, Frontier used race as the deciding factor. Once again, deference at this early

stage goes to Plaintiff, not Defendant, particularly here where Defendant claims race-neutral selection criteria without submitting ANY evidence that they published the same or provided notice to Plaintiff or the other bumped non-African American passengers.

8. **FACT 8: MOOTNESS:** The Magistrate denied consideration of Plaintiff's request to consider supplemental evidence as *moot*. Respectfully, Plaintiff is uncertain what issue the Magistrate finds moot. (*Ref.* Order @ page 2, line 12). Evidence that directly proves a fact alleged in a complaint is not considered external evidence when deciding a motion to dismiss if it falls within certain exceptions.

Generally, courts consider only the allegations in the complaint, exhibits attached to the complaint, and matters of public record when deciding a motion to dismiss. Schmidt v. Skolas, 770 F.3d 241 (3d Cir. 2014). Documents that are integral to or explicitly relied upon in the complaint are not external if it is central to the plaintiff's claim and their authenticity must not be disputed Revitalizing Auto Cmtys. Envtl. Response Tr. v. Nat'l Grid USA, 92 F.4th 415 (2d Cir. 2024). If these conditions are met, the court can consider the document as part of the pleadings. *Id*. LoCicero v. Sanofi-Aventis United States Inc., 2009 U.S. Dist. LEXIS 59767.

Here evidence of Defendant's published flight schedule is mandatory, and Plaintiff provided such evidence from a U.S. government website, which is readily authenticating and a matter of public record. According to 39 USCS § 5402, "scheduled service" is defined as flights operated in common carriage available to the public under a published schedule. Additionally, 49 USCS § 41104(b) specifies that air carriers providing regularly scheduled charter air transportation must provide the public in advance with a schedule containing the departure location, departure time, and arrival location of the flight (*See* § 41104. Additional limitations and requirements of

charter air carriers. Furthermore, the Federal Aviation Administration (FAA) regulates airline computerized reservation systems, requiring them to display information, including schedules, in specific ways. *See* Flytenow, Inc. v. FAA, 420 U.S. App. D.C. 343, 808 F.3d 882 (2015). This regulatory framework ensures that flight schedules are made available to the public consistently and transparently. (*Ref* Order @ page 8, line 19). As a result, Plaintiff respectfully asks that the Court consider the additional/supplementary evidence of Defendant's flight schedule.

10. **FACT 10: PLAINTIFF ALLEGED DAMAGES IN EXCESS OF $75,000 FOR DIVERSITY JURISDICTION ON HER CONTRACT CLAIM**. Plaintiff did not clearly specify the basis for the damages and wishes to now correct that oversight. Plaintiff included in the supplemental evidence the compensation rate for Airline delays at 400% for 4-hour delays. (*See*: Defense motion to dismiss 'Carrier Contract', and Plaintiff's Response to Motion to Dismiss, Page 4).

In the instant case, Plaintiff alleged that the passengers who were discriminated against and left behind were approximately 8 to 10 passengers. Plaintiff intends to join all known parties after Discovery because their claims arise out of the same transaction and are therefore compulsory. In addition, the only way the Plaintiff can prove damages is through the Discovery process.

However, even if the Court finds that aggregating damages is speculative, then Plaintiff contends that the breach of contract resulted from racial discrimination and denial of her fundamental right to travel. As a result, Plaintiff respectfully requests that the Court grant supplemental jurisdiction or view the Contract Claim as based on federal question jurisdiction.

## CONCLUSION

To fairly apply Iqbal, the Court must consider all the factual allegations in the Plaintiff's pleadings and make all reasonable inferences in favor of the Plaintiff. The omitted facts were crucial to the Court's analysis. Correcting these factual inaccuracies is essential not only for the fairness of the proceedings but also for judicial efficiency. Addressing these specific errors will advance these interests. The objections presented here are both specific and timely, as required by the Federal Rules and relevant case law.

Plaintiff respectfully requests the Court consider the foregoing objections to the Magistrate's order and recommendation and find that Plaintiff has met her burden to survive Defendant's motion to dismiss.

## CERTIFICATE OF SERVICE

I hereby certify that I filed this motion with the Clerk of Court via email at COD_ProSe_Filing@cod.uscourts.gov and sent a copy to Mr. Brian Maye for Defendant at bmaye@hinshawlaw.com on 3 September 2024.

*Kusmin L. Amarsingh*
Kusmin L. Amarsingh
Pro Se

## ATTACHMENTS

1. MAGISTRATE ORDER LINE NUMBERED
2. COMPLAINT LINE NUMBERED
3. PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
4. PLAINTIFF SUPPLEMENTAL EVIDENCE
5. DEFENDANT FLIGHT SCHEDULE FROM 13 JUNE TO 23 JUNE 2023