**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
11/13/2023
**JEFFREY P. COLWELL, CLERK**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLORADO

Case No. 1:23-cv-01875-GPG-KAS

KUSMIN L. AMARSINGH

        District Judge Gordon P. Gallagher
    Plaintiff,        Magistrate Judge Kathryn A. Starnella

v.

FRONTIER AIRLINES, INC.

    Defendant.

---

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS[1]**

---

**NOW COMES** Plaintiff Kusmin L. Amarsingh, by Pro Se representation, responding to Defendant, Frontier Airline's Inc. (hereafter Frontier) Motion To Dismiss pursuant to 12(b)(6), and in support thereof states as follows:

**I: CLAIMS:**

    **A) BREACH OF CONTRACT:**

1. First, this case is about a breach of contract by Frontier Airlines when they knowingly, and intentionally overbooked Ms. Amarsingh's flight to her detriment; Frontier overbooked the flight with more passengers than there were seats and knew that some passengers would be left behind. Most importantly, Frontier Airlines had the ability to prevent this Breach of Contract but chose not to.

2. Second, when an Airline chooses to overbook a flight, they assume the responsibility of accommodating their passengers lawfully, reasonably, and, in good faith, guided by their Carrier Contract and applicable laws and regulations. Additionally, an Airline must inform its affected passengers by providing notice of the selection criteria and of their rights.

3. Third, Frontier Airlines denied Ms. Amarsingh from boarding her flight through an unlawful selection process.

4. Four, Frontier Airlines failed to adequately inform Ms. Amarsingh of the remedies available to her resulting from their breach of contract.

    **B) CLAIM 2: RACIAL DISCRIMINATION**

1. After Frontier breached their contract with Ms. Amarsingh, they then denied her priority travel by relying on unlawful selection criteria; Ms. Amarsingh checked in to her flight first, arrived at the gate first, and Frontier knew her travel was more complex than the other passengers. There were no other flights from Philadelphia to St. Louis for 7 days, a fact Ms. Amarsingh learned when the Agents first announced that they were overbooked.

---

[1] Plaintiff adopts all facts and law previously asserted in her original complaint to this Response.

Amarsingh v. Frontier, Case No. 1:23-cv-01875-GPG-KAS

    2. Frontier did have another direct flight from Philadelphia to Orlando 1 hour later at the same gate. Frontier deliberately and knowingly approached and selected African American passengers and escorted them to the front of the line for boarding. The reasonable conclusion, considering all facts and circumstances, is that Ms. Amarsingh was denied boarding because she was not African American.

    3. Assuming arguendo, that Frontier's assertion is true, and they did make a plausible determination to Board certain groups to keep them together, they had an obligation to inform Ms. Amarsingh of that determination, which they did not.

    4. Frontier disregarded any lawful, reasonable, appropriate, or, common sense approach to the selection criteria; and then, humiliated Ms. Amarsingh for trying to assist. Ms. Amarsingh was not, as Defense asserts, trying to take a seat away from someone, rather, she was trying to make sure everyone had a seat, and with the least disruption to their travel, including her own.

## LAW[2] / ARGUMENT

    1. Plaintiff must only satisfy simple pleading requirements of Fed. R. Civ. P. 8(a) to survive a motion to dismiss; Plaintiff must only set forth short and plain statement of the claim(s) showing that she is entitled to relief, and need only give respondent fair notice of the nature of the claim and petitioner's basis for it; given Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief <u>could</u> be granted under any set of facts that <u>could</u> be proved consistent with the allegations. PSA, Inc. v. P.R. Tel. Co., 336 F. Supp. 2d 173, 2004 U.S. Dist. LEXIS 21407 (D.P.R. 2004). Plaintiff need not cite proper statute for relief in her pleading nor a statement of her legal theory. <u>See</u> Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 39 Fed. R. Serv. 3d et al. USCS Fed Rules Civ Proc R 8.

    2. Frontier Airlines requests dismissal because Frontier can come up with a plausible explanation other than race for leaving Ms. Amarsingh behind. That standard puts Rule 8(a) on its head. Ms. Amarsingh pleads facts to support her allegation that Frontier racially profiled her by disregarding all lawful selection criteria, confirming that she was not African American by calling her and another Indian passenger to the front desk, then, proceeded to hand-select only African American passengers from the waiting area, leaving all the non-African American passengers behind to fend for themselves. *The one mixed-race gentleman was called to the front desk and provided some information outside the earshot of the other passengers just before he departed the Airport.*

    3. Frontier also states that Ms. Amarsingh's racial discrimination claim is all in her head (based on speculation). No it is not; it is in Frontier's computer preserved for this Court to examine, and, to determine the truth. An examination of the check-in roster, security-check timestamps, video footage, itinerary, testimony by the other bumped passengers, and race of the passengers boarded vs. those bumped, will support Ms. Amarsingh's claims that she was discriminated against based on her race.

    4. Frontier provided its Carrier Contract and directed this Court's attention to Section 18 which states: *Involuntary denial of accommodation: If insufficient passengers volunteer, passengers who cannot be accommodated on the flight will be denied boarding and Frontier will provide transportation on a Frontier flight to the same destination.*

---

[2] Australian Law: my apologies to the Court and opposing Counsel on this embarrassing error if I misguided either.

Amarsingh v. Frontier, Case No. 1:23-cv-01875-GPG-KAS

5. Ms. Amarsingh respectfully directs the Court's attention to the following excerpts of the Defendant's contract which demonstrates that Frontier violated its own covenant of good faith and reasonableness.

*Section 8(B). Tickets. Tickets are honored only in the order in which they are issued.*

*Section 18(A)(B)(C): Denied Boarding Compensation (A) Voluntary – passengers on a flight with an overbooking will be encouraged to voluntarily relinquish their seats in exchange for alternate travel…(B) Involuntary: (see above) (C) Amount of Compensation – which provides a formula for determining compensation rates based on inconvenience of the passenger by considering arrival times, length of delay etc.*

*Section 18(E): Involuntary Denied Boarding: A passenger may accept or deny compensation offered in exchange for being bumped and negotiate further with the Airline.*

6. The Department of Transportation (hereafter DOT) regulates Air Travel to ensure fair and safe accommodation and transportation. In so doing DOT provides the procedures that Airlines MUST follow in instances of overbooking. *See* attached Bumping & Oversales | US Department of Transportation.

*Involuntarily Giving Up Your Seat (Bumping): Sometimes, when an airline asks for volunteers to give up their seats and fly on a different flight, there are not enough volunteers. When this occurs, the airline will select passengers to give up their seats. This is called "involuntary denied boarding" or "bumping."*

*How does an airline determine who has to give up their seat? While it is legal for airlines to involuntarily bump passengers from an oversold flight when there are not enough volunteers, it is the airline's responsibility to determine its own fair boarding priorities. If there are not enough passengers who are willing to give up their seats voluntarily, an airline may deny you a seat on an aircraft based on criteria that it establishes, such as the passenger's check-in time, the fare paid by the passenger, or the passenger's frequent flyer status. However, the criteria cannot subject a passenger to any unjust or unreasonable prejudice or disadvantage. For example, an airline could not lawfully use a passenger's race or ethnicity as a criterion.*

*Do airlines have to tell me my rights when I'm involuntarily bumped? Yes. DOT requires airlines to give all passengers who are bumped involuntarily a written statement describing their rights and explaining how the carrier decides the selection criteria for who gets bumped.*

7. Frontier Airlines intentionally disobeyed and disregarded all laws of logic, common sense, their own contract, the Federal Guidelines, and, commonly held notions of fairness and reasonable standards. They intentionally withheld notice of rights from Ms. Amarsingh, and subsequently harassed her when she tried to learn them.

**CONCLUSION**

1. The Defendant's motion to dismiss is unresponsive to the clearly outlined facts in Ms. Amarsingh's complaint. The issue was never whether she had a regular contract with Frontier Airlines, the issue was whether Frontier failed in their duty to provide her with fair and reasonable accommodation because of their breach. The facts are the facts, and Defense can very easily determine the truth of the assertions here by following its own trail of records, and, by upholding the terms of their Contract of Carriage provided to the Court.

Amarsingh v. Frontier, Case No. 1:23-cv-01875-GPG-KAS

2. To speak plainly, Ms. Amarsingh has stated sufficient facts, based on reasonably available evidence in the Defendant's control, which will substantiate her claims.

3. As to the Defense's inquiry regarding Ms. Amarsingh's Pro Se representation, she has never practiced in Federal District Court, and for judicial economy would ask that the Court permit some leniency in procedural aspects of her case. She has no objection as to treatment on the pleadings and legal standards. As to damages and relief, she request attorneys' costs and fees.

4. As to the Defense categorizing Ms. Amarsingh as a 'Stand-by' passenger, they are wrong. A Standby passenger is boarded subject to availability of seat space at departure time and only after all passengers having confirmed reservations for the flight have been boarded. The distinction is Ms. Amarsingh had a confirmed reservation, therefore she was a 'bumped' passenger not on standby. See Frontier Airlines Carrier Contract, Page 1, Section 2 Definitions at I.

5. Finally, this experience has caused Ms. Amarsingh great emotional distress both because of her own treatment by Frontier and witnessing the treatment of other passengers. Considering Ms. Amarsingh's 16 plus years of military service, she has a deep sense of responsibility to assist others. She saw something, tried to do something about it, and continues to do so. This Court should as well.

**RELIEF/DAMAGES**

**WHEREFORE**, Ms. Amarsingh hereby renews her request for Summary Judgement on both claims. However, if the Court is not so inclined to grant summary judgement on Ms. Amarsingh's Racial Discrimination Claim, she respectfully asks that this Court grants Summary Judgement as to Claim 1 for Breach of Contract, and award half the requested damages in compensation, emotional distress, costs, and, fees.

**CERTIFICATE OF SERVICE**

I, Kusmin L. Amarsingh, the Plaintiff in this action, do hereby certify that I have electronically filed this response with the United States District Court for the District of Colorado via email to the Clerk of Court, and that I have served a copy of the same to Frontier Airlines' attorney, Mr. Brian Maye via electronic mail on November 12, 2023.

Kusmin L. Amarsingh
Plaintiff
4 Shady Lane Dr.
Mary Esther, FL 32569
Email: lindaamarsingh@gmail.com
Tel: 862-201-1305


An official website of the United States government Here's how you know

Home \ Aviation Consumer Protection

**In This Section**                                                    +

### Related Links

- Press Release: DOT Relaunches Air Consumer Website

### Tags

- Air Consumer

## Bumping & Oversales

## Bumping

The vast majority of the time, passengers don't have any problems boarding their flights. But occasionally, airlines may "bump" passengers and have them give up their seats. Bumping, also known as "denied boarding," happens when there are more passengers scheduled to fly on an airplane than available seats.

The business practice of bumping is not illegal. Airlines oversell their scheduled flights to a certain extent in order to compensate for "no-shows." Most of the time, airlines correctly predict the "no shows" and everything goes smoothly. But sometimes, passengers are bumped as a result of oversales practices.

Not all airlines engage in the practice of selling more tickets than available seats on an aircraft. Some airlines simply sell enough tickets to fill every seat. Although this practice significantly reduces the chances that a passenger will be bumped, the airline may still bump passengers in rare circumstances - such as when the seat is needed for a Federal Air Marshall.

It's important for passengers to understand why they may be asked to give up their seats and what rights they may have. Before an airline forces a passenger to give up his/her seat due to overbooking, the airline must ask passengers on the flight if they are willing to give up their seat voluntarily in exchange for compensation.

## Voluntarily Giving Up Your Seat

When a flight has more passengers who are ready to fly than there are seats available, airlines must first ask passengers to give up their seats voluntarily, in exchange for compensation, before bumping anyone involuntarily. Airlines may offer passengers incentives, such as money or vouchers, to volunteer. There is no limit to the amount of money or vouchers that the airline may offer, and passengers are free to negotiate with the airline.

- If an airline offers a reduced rate ticket, free ticket, or voucher to passengers in exchange for volunteering to fly on a different flight, the airline must tell passengers about any and all restrictions that may apply to the use of the reduced rate ticket, free ticket, or voucher before passengers decide whether or not to give up their confirmed reserved space on the currently oversold flight.

If you decide to give your seat back to the airline in exchange for compensation and a later flight, you may want to get answers to these important questions:

- When is the next flight on which the airline can confirm your seat? The alternate flight may be just as acceptable to you. On the other hand, if the airline offers to put you on standby on another flight that's full, you could be stuck at your departure airport for a long time.

- Will the airline provide other amenities such as free meals, a hotel room, transfers between the hotel and the airport, and a phone card? If not, you might have to spend the money it offers you on food or lodging while you wait for the next flight.

- How long is the ticket or voucher good for?

- Is the ticket or voucher unusable during holiday periods when you might want to use it?

- Can it be used for international flights?

# Involuntarily Giving Up Your Seat (Bumping)

Sometimes, when an airline asks for volunteers to give up their seats and fly on a different flight, there are not enough volunteers. When this occurs, the airline will select passengers to give up their seats. This is called **"involuntary denied boarding"** or **"bumping."**

### How does an airline determine who has to give up their seat?

- While it is legal for airlines to involuntarily bump passengers from an oversold flight when there are not enough volunteers, it is the airline's responsibility to determine its own fair boarding priorities.

- If there are not enough passengers who are willing to give up their seats voluntarily, an airline may deny you a seat on an aircraft based on criteria that it establishes, such as the passenger's check-in time, the fare paid by the passenger, or the passenger's frequent flyer status. However, the criteria cannot subject a passenger to any unjust or unreasonable prejudice or disadvantage. For example, an airline could not lawfully use a passenger's race or ethnicity as a criterion.

### Do airlines have to tell me my rights when I'm involuntarily bumped?

- Yes. DOT requires airlines to give all passengers who are bumped involuntarily a written statement describing their rights and explaining how the carrier decides who gets bumped.

### Can airlines involuntarily bump me after I have boarded the flight?

- Generally, no. If you have met the following conditions, airlines are not allowed to deny you permission to board, or remove you from the flight if you have already boarded the flight:
    - You have checked-in for your flight before the check-in deadline set by the airlines; and
    - A gate agent has accepted your paper boarding pass or electronically scanned your boarding pass and let you know that you may proceed to board.

- However, airlines may deny boarding or remove you from a flight even after accepting your boarding pass and informing you that you may proceed to board if the denial or removal is due to a safety, security, or health risk, or due to a behavior that is considered obscene, disruptive, or otherwise unlawful.

### Are airlines required to pay me money when I'm involuntarily bumped?

- It depends. An airline is required to compensate you after involuntarily bumping you from an oversold flight in certain situations. However, there are many situations where you are not entitled to compensation.

### Bumped passengers are NOT eligible for compensation in the following situations:

- <u>Aircraft Change</u> - A smaller plane is substituted for the larger one the airline originally planned on using due to operational or safety reasons.

- <u>Weight and Balance</u> - Weight or balance restrictions that apply to planes with 60 or fewer seats for operational or safety reasons.

- <u>Downgrading</u> - A passenger is downgraded from a higher class of seating to a lower class. In this case, the passenger is entitled to a refund for the difference in price.

- <u>Charter Flights</u> - A flight contracted for a specific trip that is not part of an airline's regular schedule.

- <u>Small Aircraft</u> - Scheduled flights on planes holding fewer than 30 passengers.

- <u>Flights Departing a Foreign Location</u> - International flights to the United States.  However, some airlines on these routes may provide compensation voluntarily. Also, the European Commission has a rule on bumping passengers from flights that apply to passengers departing from a European Union member state; ask the airline for details, or <u>visit this page</u>.

**Situations when bumped passengers ARE eligible for compensation:**

- If you are not bumped from a flight for one of the reasons above, you qualify for involuntary denied boarding compensation if an airline requires you to give up your seat on an oversold flight and:

    - You have a confirmed reservation,

    - You checked-in to your flight on time,

    - You arrived at the departure gate on time, and

    - The airline cannot get you to your destination within one hour of your flight's original arrival time.

**If I am entitled to compensation, how is the amount of compensation calculated?**

- Passengers who are denied boarding involuntarily due to oversales are entitled to compensation that is based on the price of their ticket, the length of time that they are delayed in getting to their destination because of being denied boarding, and whether their flight is a domestic flight or an international flight leaving from the United States.  This is called "denied boarding compensation" or "DBC" for short.

- Most bumped passengers who experience short delays on flights will receive compensation equal to double the one-way price of the flight they were bumped from, but airlines may limit this amount to up to $775.  Passengers experiencing longer delays on flights will receive payments of four times the one-way value of the flight they were bumped from, but airlines may limit this amount to up to $1,550.  Please see the tables below.

**Domestic - Denied Boarding Compensation (DBC)**

| Length of Delay | Compensation |
| --- | --- |
| 0 to 1 hour arrival delay | No compensation |
| 1 to 2 hour arrival delay | 200% of one-way fare (airlines may limit the compensation to $775 if 200% of the one-way fare is higher than $775) |
| Over 2 hour arrival delay | 400% of one-way fare (airlines may limit the compensation to $1,550 if 400% of the one-way fare is higher than $1,550) |

**International - Denied Boarding Compensation (DBC)**

| Length of Delay | Compensation |
| --- | --- |
| 0 to 1 hour arrival delay | No compensation |

| Length of Delay | Compensation |
|---|---|
| 1 to 4 hour arrival delay | 200% of one-way fare (airlines may limit the compensation to $775 if 200% of the one-way fare is higher than $775) |
| Over 4 hour arrival delay | 400% of one-way fare (airlines may limit the compensation to $1,550 if 400% of the one-way fare is higher than $1,550) |

When will I receive compensation if I am eligible to receive it?

- Following a bumping incident, airlines must offer passengers compensation at the airport on the same day.

- If the airline provides substitute transportation that leaves the airport before the airline can pay the passenger, the airline must pay the passenger within 24 hours of the bumping incident.

Is there is a limit on how much money airlines are allowed to give me when I am involuntarily bumped?

- No. Although airlines are required to give you a certain amount of money by law, airlines are free to give you more money than is required if they want to.

## Other Reasons You May Be Removed From a Flight

An airline can refuse to transport a passenger for the reasons listed in its contract of carriage, a legal agreement between the passenger and airline, so long as the refusal is not discriminatory, such as:

- Being intoxicated or under the influence of illegal drugs.

- Attempting to interfere with the duties of a flight crew member.

- Disrupting flight operations or engaging in unruly behavior.

- Having an offensive odor that is not caused by a disability or illness.

FAA regulations state that "no person may assault, threaten, intimidate, or interfere with a crewmember in the performance of the crewmember's duties aboard an aircraft being operated."

To read the federal regulation implementing these rules, click here.





DOT Relaunches Air Consumer Website

Last updated: Thursday, April 15, 2021

Case No. 1:23-cv-01875-PGG-KAS Document 24-1 Filed 11/03/23 USDC Colorado pg 9 of 10
Case 1:23-cv-01875-GPG-KAS Document 35 Filed 11/30/23 USDC Colorado pg 6 of
Amarsingh v. Frontier
Case: 1:23-cv-01875-GPG-KAS, pg 6 of 6

**U.S. DEPARTMENT OF TRANSPORTATION**

1200 New Jersey Avenue, SE
Washington, DC 20590
855-368-4200

      

**WANT TO KNOW MORE?**

Receive email updates about the latest in Safety, Innovation, and Infrastructure.

**SUBSCRIBE NOW**

| ABOUT DOT | OPERATING ADMINISTRATIONS |
|---|---|
| Meet the Secretary | FAA |
| Mission | FHWA |
| Newsroom | FMCSA |
| Medium Blog | FRA |
| Social Media | FTA |
| Leadership | GLS |
| Regulations | MARAD |
| Transit Benefit Policy | NHTSA |
| Careers | OIG |
| Contact Us | OST |
|  | PHMSA |

| RESEARCH AND TECHNOLOGY | PRIORITIES |
|---|---|
| Office of the Assistant Secretary for Research and Technology | Bipartisan Infrastructure Law |
| Bureau of Transportation Statistics | Climate and Sustainability |
| Volpe Center | Equity |
| Ask-A-Librarian | Safety |
|  | Transformation |

**POLICIES, RIGHTS, AND LEGAL**

USA.gov

Privacy Policy

FOIA

Budget and Performance

No FEAR Act

Cummings Act Notices