IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-01875-GPG-KAS

KUSMIN L. AMARSINGH

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

---

### DEFENDANT'S RESPONSE TO PLAINTIFF'S RULE 72 OBJECTIONS
---

Defendant, Frontier Airlines, Inc. ("Frontier"), by its undersigned counsel, submits this Response to Plaintiff's Rule 72 Objections to Magistrate Judge Starnella's August 20, 2024, Amended Order and Recommendation regarding Frontier's Motion to Dismiss (ECF No. 33).

## I. INTRODUCTION

Plaintiff's Objections (ECF No. 36) to Magistrate Judge Starnella's Amended Order and Recommendation only highlight the defects of her claims and further justify a dismissal with prejudice of the Complaint. Plaintiff acknowledges that the flight was overbooked, she did not have a seat assignment, the passengers without seat assignments were a diverse group of individuals, the passengers ultimately assigned seats at the gate were a diverse group of individuals, and the ten (10) passengers who were ultimately denied boarding were a diverse group of individuals. It is irrefutable that the denial of boarding of the ten (10) passengers, including Plaintiff, was due to there being no seats on the subject flight to accommodate them. It had nothing to do with race.

**Error! Unknown document property name.**

Although it very plain that her denial of transportation, along with nine other individuals, was based on legitimate, race-neutral reasons, Plaintiff insists that she has sufficiently pleaded a viable Section 1981 claim by virtue of alleging that she was not permitted to board because "[she] was not a member of the *preferred race*."[1] (ECF No. 35 at p. 5)(emphasis added). Plaintiff's cynical speculation, however, is not enough to give rise to a valid discrimination claim under Section 1981.

## II.   ARGUMENT

**A.   Plaintiff's racial discrimination claim fails as a matter of law.**

Plaintiff's claim for racial discrimination fails because she cannot show that Frontier intentionally discriminated against her based on her race, and that the alleged discrimination was the "but-for" cause of the alleged interference with a protected activity. *See Comcast Corp. v. National Association of African American-Owned Media*, 140 S. Ct. 1009, 1019, 206 L. Ed. 2d 356 (2020). The facts alleged in the Complaint establish that Plaintiff was denied transportation on the subject flight because of legitimate, non-discriminatory reasons: (1) she elected not to pay to receive a seat assignment at the time she booked her flight (or anytime thereafter), (2) the flight was overbooked, (3) the gate agents filled the remaining unassigned seats with a diverse group of passengers, including African Americans and non-African Americans, and (4) Plaintiff and other passengers were denied boarding on the subject flight because there were no seats available. This is fatal to Plaintiff's Section 1981 claim. See *Mohsen Sharifi Takieh v. Banner Health*, 515 F.

---

[1] Plaintiff argues in her Objections that the "critical fact in the Complaint is that only African American passengers were selected to board to the detriment of the passengers who were NOT African American." Plaintiff's assertion, however, contradicts the allegations in the Complaint that African Americans and non-African Americans were selected to board, and a diverse group of passengers, including a mixed-raced African American individual, were denied boarding.

Supp. 3d 1026, 1035 (D. Ariz. 2021) (applying the but-for causation test, courts have ruled that a §1981 claim is rendered implausible if the complaint identifies an "independent, non-discriminatory reason" for the alleged contractual impairment); *Astre v. McQuaid*, 804 F. App'x 665, 667 (9th Cir. 2020) (same) (quoting *FCS Advisors, LLC v. Missouri*, 929 F.3d 618, 622 (8th Cir. 2019)).

Plaintiff essentially asks the Court to (1) ignore the legitimate, non-discriminatory reasons she was denied transportation, and (2) disregard that similarly situated individuals, who were racially diverse, were treated the same as Plaintiff. At the same time, she insists that the Court blindly accept her conjecture that the African American gate agents discriminated against her simply because she is not African American. To allow Plaintiff's baseless assumption to serve as the foundation of her Section 1981 claim would violate the pleading requirements under Rule 8, *Twombly,* and *Iqbal*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)("mere conclusory statements are not entitled to an assumption of truth"). The factual allegations must go beyond the sheer possibility that a defendant acted unlawfully. See *Twombly*, 550 U.S. at 556.

Here, Plaintiff has not proffered any factual content to raise a right to relief above the speculative level. *Id.* at 555. She merely assumes that was denied boarding because she is not African American. This is, of course, belied by her allegations that establish that there were race-neutral reasons that ten (10) passengers were not be transported on the subject flight, *i.e.,* not enough seats, and that similarly situated passengers were treated the same as Plaintiff, including a mixed-race African American passenger who was also denied boarding. As Magistrate Judge Starnella pointed out, "no matter which combination of passengers had been boarded and no matter

3

which [] passengers had been left behind, each group would have been racially diverse." (See ECF No. 33 at p. 10).

Accordingly, Plaintiff's allegations do not rise to a plausible inference that racial animus was the but-for cause of her not being transported by the subject flight, and her claim should be dismissed with prejudice. See *Doe v. Colo. Cmty. Coll. Sys.*, 2020 U.S. Dist. LEXIS 161892, at *16 ("The chasm is simply too great between the facts pled and the inference Plaintiffs ask this Court to make.").

B.  **Plaintiff failed to plead the requisite amount in controversy to establish subject matter jurisdiction with respect to her breach of contract claim.**

Magistrate Judge Starnella concluded that the amount in controversy alleged by Plaintiff "falls well short of the $75,000 jurisdictional threshold," and, therefore, diversity jurisdiction does not exist. Plaintiff appears to concede that she has not sufficiently alleged the necessary amount in controversy to establish diversity jurisdiction with respect to her breach of contract claim.

In the event the Court exercises supplemental jurisdiction as to Plaintiff's breach of contract claim, Frontier maintains that such claim fails as a matter of law. The Contract of Carriage expressly states: "Frontier will use reasonable efforts to transport passengers and baggage to the purchased destination, but published schedules, flight times, aircraft types, seat assignments, and similar details set forth in the ticket or Frontier's published schedules ***are not guaranteed and form no part of this Contract of Carriage***." (ECF No. 22-1) (emphasis added). Section 18 of the Contract governs the terms of "Denied Boarding Compensation." Section 18(D) states that a passenger who is denied boarding "will be transported on Frontier's next available flight on which space is available and at no additional charge." *Id.* Plaintiff claims Frontier "did not have an available connecting or other flight that would accommodate my travel plans for at least a week." (ECF No. 14 at 3). She further claims there were "no other alternative/feasible flights for my

4

schedule for at least a week." *Id.* at 6. Plaintiff, therefore, cancelled her flight and booked a ticket the next day with American Airlines. *Id.* at 8.

Contrary to Plaintiffs' claims, nothing in the Contract guaranteed that Frontier would "accommodate her travel plans" to fit her particular "schedule" on June 13, 2023. Rather, Plaintiff was entitled to transport on the next available flight on which space was available, which was offered to her by Frontier. Plaintiff fails to explain how Frontier's offered accommodation violated Section 18(D) of the Contract. Thus, it is apparent that Frontier performed its obligations under the Contract, but Plaintiff chose to fly with a different airline for her own specific scheduling reasons.

Moreover, Section 18(C) of the Contract provides the terms for financially compensating a passenger who is involuntarily denied boarding, and Plaintiff fails to allege that Frontier violated this condition. She alleges that, at different times, Frontier agents offered her $800 (*id.* at 4) and $400 (*id.* at 7) in addition to refunding the cost of her ticket, but that she never "elected for a refund of [her] ticket." *Id.* at 9. That Plaintiff chose not to accept Frontier's offers undermines any argument that Frontier failed to perform a contractual obligation which resulted in her sustaining damages. For all of these reasons, Frontier asks that the Court dismiss Plaintiff's breach of contract claim with prejudice.

### III.  CONCLUSION

For all of the reasons argued above and in recent briefing, Frontier respectfully submits that the Court should deny Plaintiff's Objections in full, adopt Magistrate Judge Starnella's Amended Order and Recommendation, dismiss Plaintiff's Complaint with prejudice, and provide any other relief this Court deems just and proper.

Dated: September 18, 2024                Respectfully submitted,

                                                                                  /s/ *Brian T. Maye*
                                                                                  Counsel for Frontier Airlines, Inc.

                                                                                  Brian T. Maye
                                                                                  FITZPATRICK, HUNT & PAGANO, LLP
                                                                                  10 South LaSalle Street, Suite 3400
                                                                                  Chicago, IL 60603
                                                                                  Telephone: 312-728-4905
                                                                                  brian.maye@fitzhunt.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2024, I caused the foregoing to be electronically filed with the United States District Court for the District of Colorado using the CM/ECF system.

/s/  Brian T. Maye